Detention Order Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 09-20593

v.

ROLAND LAMONT WHITEHEAD
_____/

### DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.  Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

XX  (1)  The Government moved for detention at the Defendant's first appearance pursuant to:

  XX  18 U.S.C. § 3142(f)(1).

  __  18 U.S.C. § 3142(f)(2).

__  (2)  A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2).  See part D for findings.

**B.  Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

__  (1)  The Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

__  (2)  The offense described in finding was committed while the Defendant was on

       release pending trial for a federal, state or local offense.

__    (3)    A period of less than five years has elapsed since

       __    the date of conviction, **or**

       __    the Defendant's release from prison for the offense described in finding (B)(1).

__    (4)    Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C.**    **Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that the Defendant has committed an offense:

       __    for which a maximum prison term of ten years or more is prescribed in the _____[1], **or**

       __    under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

       __    listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

       __    listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

       __    involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

**D.**    **Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

__    (1)    There is a serious risk that the Defendant will not appear.

__    (2)    There is a serious risk that the Defendant will endanger the safety of another person or the community.

**Part II - Statement of the Reasons for Detention**

       I find that the testimony and information submitted at the detention hearing establishes:

---

[1]Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**XX**   by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

__    by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the Defendant's appearance; **or**

__    both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f)(1)(E), and that none of the presumptions in favor of detention apply, the Court must consider the Defendant's circumstances under the factors set forth in subsection 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves narcotic drugs, specifically marijuana, as well as the possession of weapons by a felon. I find that from the grand jury having returned an indictment, there is a definite weight of evidence, at least rising to the level of probable cause, supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant is currently 23 years of age and is a lifetime resident of Saginaw. The Defendant has resided at an address on Findley Street, however at some other point, the Defendant apparently resided on North Harrison with his girlfriend. The Defendant also reported a previous residence on North Washington, which the Defendant's State probation officer indicates is no longer available to him. Counsel for the Defendant proffers that the Defendant jointly owns the Findley Street home with his sister, which they inherited after the death of their grandmother. The Defendant is

unemployed and has been so for the last five years. Previously, he worked briefly as a dishwasher at a local restaurant. Counsel for the Defendant proffered that the Defendant required special-education services, and has received Social Security disability benefits for some years. Defendant conceded to Pretrial Services that he is a regular user of marijuana, and preliminary urinalysis testing was positive for marijuana.

In 2000, the Defendant pled guilty to a felony weapons offense. He was placed on Holmes Youthful Trainee status. However that status was revoked because the Defendant tested positive for marijuana. His probation was extended as a result of a subsequent arrest in October 2006 for felony receiving and concealing stolen property. Approximately a week prior to his arrest on this Indictment, the Defendant pled nolo contendere to the receiving and concealing charge, and sentencing on that charge is to presently scheduled for January, 2010.

The charges made against the Defendant in the Indictment include six alleged distributions of marijuana, all of which took place within approximately 5 weeks. Several circuits and numerous district courts have held that continued drug dealing constitutes a danger to the community. *See, e.g., United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989) ("continued drug dealing does constitute a danger and threat to the community, and that fact alone justifies detention"); *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *United States v. Leon*, 766 F.2d 77, 81 (2d Cir. 1985); *United States v. Williams (Melvin)*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Kelley*, No. 08-40011-01-RDR, 2008 WL 821951, at *2-*3 (D. Kan. Mar. 26, 2008); *United States v. Rivera-Febres*, No. 07-054(DRD), 2007 WL 4287515, at *4 (D.P.R. Dec. 4, 2007); *United States v. Caniglia*, No. 02-188-01, 2002 WL 32351181, at *5 (E.D. Pa. Apr. 9, 2002). The Defendant is also charged with being a previously convicted felon in possession of a firearm. The Government proffers that this charge involved more than the mere

possession of a firearm, and in fact involved the sale of a firearm.

In light of the Defendant's criminal history, the fact that probable cause supports a finding that the Defendant has engaged in a consistent pattern of drug dealing and the Defendant's failure to comply with supervision on previous charges arguably less serious than those he currently faces, I conclude that there are no conditions, nor any combination of conditions that would reasonably assure the safety of the community. The Government's motion to detain is therefore **GRANTED.**

**Part III - Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the Defendant to the United States marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

                                  s/ *Charles E Binder*
                                  CHARLES E. BINDER
Dated: December 17, 2009           United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Roy Kranz and Ken Sasse, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: December 17, 2009          By     s/*Jean L. Broucek*
                                        Case Manager to Magistrate Judge Binder